

U.S. Department of Justice

Antitrust Division

*New York Office*

*26 Federal Plaza*  *212/335-8034*
*Room 3630*
*New York, New York 10278-0140*  *FAX 212/335-8023*

August 7, 2017

<u>VIA ECF</u>

Hon. Jose L. Linares
Chief Judge
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    <u>United States v. Vincent Opalewski, et al.</u>
               Crim. No. 16-CR-65 (JLL)

Dear Judge Linares:

      Please accept this letter brief in lieu of a more formal submission in support of the Government's motion *in limine* to permit witnesses to state their personal opinions, pursuant to Fed. R. Evid. 701, concerning whether bids submitted by GEO Specialty Chemicals, Inc. ("GEO") to municipalities were intentionally losing bids. The Government seeks to admit this evidence against defendant Brian C. Steppig who, while employed at GEO, was responsible for submitting bids to municipalities.

## BACKGROUND

      The indictment in this case charges the defendants with participating in a conspiracy to suppress and eliminate competition for liquid aluminum sulfate ("alum") business by rigging bids, allocating customers, and fixing prices. The indictment alleges, among other things, that the defendants and their co-conspirators agreed not to compete for each other's historical customers by submitting intentionally losing bids. In order to determine which company—GEO or General Chemical Corporation ("General")—was the historical supplier of any particular municipal customer, each company maintained bid and pricing histories that recorded the bidders, the approximate distance of each bidder's alum plant from the customer, the approximate freight cost, and each bidder's actual, publicly-available bid. Cooperating witnesses, █████████ and █████████, formerly of General, are expected to testify that, in

August 7, 2017
Hon. Jose L. Linares
Page 2

addition to using the bid histories to ascertain whether they should bid to win or bid to lose, the bid histories provided a method of monitoring whether each co-conspirator was living up to the agreement and submitting "throw-away" or "stay-away" bids which were critical to the operation and success of the conspiracy.

███ and ███, among others, personally participated in the conspiracy and are expected to explain how they calculated intentionally losing bids, their understanding and familiarity with the costs of raw materials and freight, and how, based on their intimate knowledge of both the business and the requirements of the conspiracy, they were able to determine whether GEO's bids were intentionally losing bids that comported with the collusive agreement.

This proffered testimony by these conspiracy insiders will corroborate their direct evidence of the existence of the conspiracy, the terms of the conspiratorial agreement, and how they prepared "throw-away" or "stay-away" bids themselves. Further, the testimony will assist the jury in understanding how the bidding for each conspirator's historical customers was rigged and how compliance with the conspiracy was monitored.

## **LAY OPINION TESTIMONY**

A non-expert witness is permitted to offer an opinion to the jury under certain circumstances. Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Under Rule 701, the witness may only offer an opinion or interpretation of an event when the witness has personal knowledge of the incident. *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003). Further, the lay opinion must be rationally based on the witness's firsthand knowledge of the factual predicates underlying the opinion. *Id.*; *see also United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) ("We have held that lay opinion testimony can be based upon a witness' 'knowledge and participation in the day-to-day affairs of his business' and upon a witness' review of written documents.") (citations omitted).

To establish the required foundation for the witnesses' opinions that GEO's bids were intentionally losing bids, ███ and ███—who were engaged in the alum industry for many

August 7, 2017
Hon. Jose L. Linares
Page 3

years—will testify to their own, everyday knowledge of the components of alum and their costs, and the costs of delivering the product to customers, and that these costs were well-known within the industry. The witnesses will also testify to the existence and requirements of the collusive agreement and the need for the conspirators to bid noncompetitively so as not to disturb each other's historical business. ▓▓▓ and ▓▓▓ will testify to their regular, daily use of municipal bid histories which record General's bids, as well as the bids of other alum suppliers including GEO, and their familiarity with which municipalities were served by each conspirator, and GEO's bidding patterns, both for the contracts they wanted to win and the contracts they agreed to lose. Based on their underlying knowledge of the business and their participation in the conspiracy, ▓▓▓ and ▓▓▓ will be able to examine bid histories and ascertain whether GEO's bids were "throw-away" or "stay-away" bids.

Once the foundation has been laid for the witness's testimony, the evidence must be shown to be helpful to the jury in understanding the witness's testimony or a fact in issue. Fed. R. Evid. 701(b); *Polishan*, 336 F.3d at 242-43. It must effectively describe something the jurors could not otherwise experience for themselves, *Id.* at 243, and not merely tell the jury what conclusion to reach. *United States v. Stadtmauer*, 620 F. 3d 238, 262 (3d Cir. 2010). Here, ▓▓▓ and ▓▓▓ will opine that certain GEO bids were throw-away or stay-away bids, but leave the question of whether Steppig knew they were, in fact, stay-away bids to the jury.

▓▓▓ and ▓▓▓ will interpret the bid histories to identify intentionally losing bids based, in part, on the size of those bids, which are typically much higher than can be accounted for by the costs of raw materials and freight. Furthermore, they will say that GEO's intentionally losing bids were not merely submitted to stay on municipal bidders lists. Moreover, they will say that GEO's bids were calculated to convey to General that GEO was acting in accordance with the conspiratorial agreement. It is unlikely that, without ▓▓▓ and ▓▓▓ testimony, the jury will be able to fully judge why GEO's bids were so much higher than General's, especially for customers from whom the two companies were approximately equidistant, or where the losing supplier's plant was substantially closer to the customer than the winner's plant.

Finally, ▓▓▓ and ▓▓▓ testimony will not qualify as expert testimony under Fed. R. Evid. 702. Rather, their testimony derives entirely from their perspective and daily experience in the alum business, coupled with their knowledge and understanding of the terms of the conspiracy of which they were long-term participants and, thus, the opinions they will express will have a rational basis in their perception of events. Their testimony will be helpful as it will assist the jury in analyzing the bid histories to identify bids to municipalities that were intentionally-losing bids, submitted in accordance with the agreement not to compete between GEO and General. It is doubtful that the jury could otherwise draw conclusions about whether bids were intentionally losing without the context that ▓▓▓ and ▓▓▓ can provide.

August 7, 2017
Hon. Jose L. Linares
Page 4

# **CONCLUSION**

  For the foregoing reasons, the Government respectfully requests that the Court permit ▇ and ▇ to state their personal opinions, pursuant to Fed. R. Evid. 701, concerning whether bids by GEO Specialty Chemicals, Inc. to municipalities were intentionally losing bids.

              Respectfully submitted,

              /s/ Patricia L. Jannaco
              Patricia L. Jannaco
              Mary Anne F. Carnival
              Frank A. Cavanagh
              Sean M. Farrell

              Trial Attorneys
              United States Department of Justice
              Antitrust Division
              26 Federal Plaza, Suite 3630
              New York, New York  10278
              Telephone:  (212) 335-8034
              Email: patricia.jannaco@usdoj.gov